[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This action concerns an alleged encroachment by the named defendant upon the plaintiffs' land. The defendants, as third party plaintiffs, then cited in as a third party defendant, Tedesco Builders, Inc., alleging in essence that if there was an encroachment, it came about because of faulty work by a surveyor for Tedesco.
The named parties own adjoining lots in a subdivision that was developed by Tedesco. The Croces acquired their lot from Tedesco on November 27, 1978. The Bakers acquired their lot on February 20, 1986. Both deeds referred to a "Subdivision Plan NORTH FARM Section Two" which was recorded on the Middlebury Land Records on September 29, 1978. That map showed the dividing line between the two lots as being marked by existing concrete monuments at both the street line and the rear line. In connection with obtaining a building permit, the Croces obtained from the surveyor who had prepared the original subdivision a plot plan revised to June 2, 1981 which again showed both ends of the common boundary as being marked by monuments. Also, in connection with obtaining a building permit, the Bakers obtained a plot plan from a different surveyor which showed the street end of the common boundary as being marked not by a monument but by a utility box which was approximately seven feet from the monument. Although the rear monument is not shown on the Bakers' plot plan, there was agreement that the rear monument was correctly placed. The result of the discrepancy was to arc the common boundary, 352.4 feet long, pivoting on the rear monument, into what had been shown as the Croces' land, by approximately seven feet at the street line.
During the summer of 1983, the Croces built a miniature basketball court on what they assumed was their land. To assure that it was in fact their land, they ran a straight line between the front and rear monuments and placed the court, a concrete slab, at ground level, a number of feet from that line. With the correct street boundary, this resulted in an encroachment on the CT Page 307 plaintiffs' land of a triangular shaped piece of concrete with a base of about two feet and an hypotenuse of approximately twelve feet. The Croces were not aware of any problem until early July of 1988, some five years after the slab was built and almost two and one-half years after the Bakers acquired title.
In the first count of their complaint, the Bakers seek to quiet title in them. I have no difficulty in finding that the correct common boundary between lots 10 and 11 is as shown on "Plot Plan, Lot 11, North Farm Road, Middlebury, Connecticut, Scale 1" = 40'. Aug., 1987" prepared by Frank W. Carature, L.S.
In the second count, they seek monetary damages for trespass. The problem here is there is not a scintilla of evidence as to any monetary loss. The encroachment was entirely innocent; it is minor in size; photographs of the scene show extensive plantings that contribute to camouflaging the situation. Nevertheless, the Croces were made aware of the situation in mid 1988, were given ample opportunity to verify Mr. Carature's findings with regard to the correct location of the common boundary, received repeated demands to remove the encroachment and restore the land that had been disturbed, and inexplicably have taken no action whatsoever.
The Bakers did incur $400 in expense for their surveyor to stake out the correct line and to install a correctly located monument at the street line. The problem with this bill is that Mr. Baker had admitted that he was going to have the surveyor determine and stake the line in any event because he intended to put plantings in the area and wanted to be sure they went on his land. Also, the Croces were not responsible for the incorrect location of the monument so they can hardly be held responsible for a correct placement.
In the third party complaint against Tedesco Builders, Inc., the Croces allege that Tedesco was responsible as the developer for a proper survey of the development and that they relied on that survey and the survey was erroneous as a result of the surveyor's negligence, which negligence is attributable to Tedesco. I accept the testimony of Frank W. Carature that there was a surveyor's error with respect to the monument and therefore the Croces are entitled to indemnity from it. I dismiss Tedesco's first special defense that the Croces were negligent in that they did not have an independent survey done before installing the basketball court. Certainly a reasonable person would be justified in assuming that a concrete boundary marker placed by a surveyor was correctly located. Also, the plot plan of June, 1981, showed the common boundary as marked by the front and rear monuments. The same applies to the second special defense of assumption of risk, reinforced by the fact that assumption of risk as a defense has been abolished by statute. At trial, Tedesco was CT Page 308 accorded the privilege of asserting a third special defense that the installation of the concrete slab was a violation of side yard requirements imposed by the applicable zoning code. I fail to see how this excuses the negligence with respect to the location of the monument.
The plaintiffs had a surveyor who testified at the trial. I find that his testimony was necessary and his charge of $60 is absolutely reasonable and may be included in the bill of costs.
I grant the plaintiffs prayer for ejectment and direct the Croces to remove so much of the slab as encroaches within thirty days of the filing of this memorandum under penalty of $100 per day for each day of non-compliance after the thirtieth day. In view of the fact that this is the middle of winter, they may delay restoring the land until March 15. I award the plaintiffs $250 as nominal damages and direct that Tedesco Builders, Inc. indemnify the Croces for that amount and whatever costs are taxed against them.
J. HEALEY, STATE TRIAL REFEREE